IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANGELA DAWN MOODY                                                             PLAINTIFF

V.                                                        CIVIL ACTION NO: 1:14CV197-NBB-DAS

LOWNDES COUNTY, MISSISSIPPI;
TONY COOPER, in His Individual Capacity;
and SCOTT FARRELL, in His Individual Capacity                                DEFENDANTS

## **ORDER**

This cause comes before the court upon the defendant Scott Farrell's motion for attorney's fees and costs. Upon due consideration of the motion, response, exhibits, and applicable authority, the court finds that the motion is not well taken and should be denied.

The plaintiff, Angela Moody, repeatedly sent harassing email and social media messages to her ex-husband, defendant Scott Farrell. Farrell complained to the police, and Moody was arrested for felony cyberstalking, a charge that was later dropped. Moody then brought this Section 1983 action against Farrell, Lowndes County, and the arresting officer, alleging that her First and Fourth Amendment rights had been violated.

This court granted the defendants' motion for summary judgment and dismissed this case on September 23, 2016, finding, inter alia, that Farrell was not a "state actor" for purposes of Section 1983 and that probable cause existed for Moody's arrest. *Moody v. Lowndes County, Miss.*, No. 1:14CV197-NBB-DAS, 2016 WL 5363461 (N.D. Miss. Sept. 23, 2016). The Fifth Circuit subsequently affirmed this court's ruling through published opinion. *Moody v. Farrell*, 868 F.3d 348, 2017 WL 3530156 (5th Cir. 2017).

Defendant Farrell now seeks attorney's fees and costs under 42 U.S.C. § 1988(b) and the Mississippi Litigation Accountability Act, Miss. Code Ann. § 11-55-5(1). *Fox v. Vice*, 563 U.S. 826 (2011), sets forth the standard with which courts are to examine requests for attorney's fees under Section 1988. According to the Supreme Court, Congress, in enacting Section 1988, sought "to protect defendants from burdensome litigation having no legal or factual basis." *Id.* (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)). Section 1988 therefore "authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* (quoting *Christiansburg*, 434 U.S. at 421). "A suit is frivolous if it is 'so lacking in arguable merit as to be groundless or without foundation....'" *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999) (quoting *Piemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (5th Cir. 1983)).

Similarly, the Mississippi Litigation Accountability Act provides for attorney's fees to a prevailing party when an attorney or party brings an action or asserts claims or defenses that are "without substantial justification" or "interposed for delay or harassment...." Miss. Code Ann. § 11-55-5(1). "[A] claim is without substantial justification when it is 'frivolous, groundless in fact or in law, or vexatious, as determined by the court.'" *Scruggs v. Saterfiel*, 693 So. 2d 924, 927 (Miss. 1997) (quoting Miss. Code Ann. § 11-55-3(a)). A claim is frivolous "only when, objectively speaking, the pleader or movant has no hope of success." *Id.* (citing *Stevens v. Lake*, 615 So. 2d 1177, 1184 (Miss. 1993)).

This court does not find Moody's case "so lacking in arguable merit as to be groundless or without foundation"; nor does the court find that objectively speaking the plaintiff had no

hope of success. The case is therefore not frivolous, and attorney's fees are not warranted under Section 1988 or the Mississippi Litigation Accountability Act.

An unsuccessful case is not the same thing as a frivolous case. Plaintiff's counsel put forth well reasoned and well articulated, cogent arguments in support of the plaintiff's claims but was simply unsuccessful. The current case law in this circuit and the facts applicable to it were not in the plaintiff's favor, but there was an arguable and reasonable basis for her position, and that basis precludes a finding of frivolousness. Further, the Fifth Circuit made no indication in its *published* opinion affirming this court's ruling that it found Moody's claims to be frivolous; and, as the plaintiff argues, the appellate court's choice to publish the opinion, the fact that it granted oral argument in this case, and the fact that it assessed half the costs against the defendant are all indicative of the fact that the court did not consider the case frivolous.

Because a defendant "is not entitled to any fees arising from . . . non-frivolous charges,"[1] Defendant Farrell's motion for attorney's fees and costs is not well taken. Accordingly, it is **ORDERED AND ADJUDGED** that the defendant's motion for attorney's fees and costs is hereby **DENIED**.

This, the 27th day of September, 2017.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] *Fox*, 563 U.S. at 834.